# SUPREME COURT.

## GRAFTON agt. REMSEN and others.

Where the complaint prayed that a deed of trust should be declared, "void, null and of no effect," and also "for such further or other relief as may be agreeable to equity and good conscience;" *Held*, that although the deed could not be declared to be void, null and of no effect, yet under the general prayer of the complaint, the court might allow it to be *reformed*.   And it was reformed by inserting in it a power of *revocation*.

*New-York Special Term, April*, 1858.

CLERKE, Justice.   Whatever may be the defects of this in-

Grafton agt. Remsen and others.

strument, or to whatever extent it may fail to carry out the intention of the parties to it, it is quite clear that there was no intentional misrepresentation, concealment or suppression of truth, on the part of any one connected with the transaction. Neither did the counsel who prepared the instrument fail in the exercise of professional skill, or any professional duty in the matter ; the deficiencies which may be noted in the instrument arose from the want of explicit instructions, and perhaps the superabundance of 'suggestions from those who naturally felt an interest in the lady's welfare.

Nothing, therefore, appears which would at all justify me in setting aside or rescinding this deed. But I am very decidedly of opinion—an opinion with which I was strongly impressed, throughout the argument—that the plaintiff executed this instrument under a misapprehension as to her power to revoke it. She imagined that by not putting it on record, she could annul it, and all its provisions, by the mere physical destruction of the paper on which it was written. She was rather encouraged in this idea, and it probably was the opinion of those who seemed to concur with her on the subject. If she had consulted the gentleman whom she had employed to prepare the instrument, he would no doubt have dispelled this mistake. But she held no communication whatever with him in any stage of the proceeding.

The two important events which she contemplated, and which were then so near at hand, seem to have diverted her mind from any attention to the dry concerns of law or business. She retained the impression, however, for a considerable length of time after her return from Europe, that as the instrument was not recorded, she could rescind it any time. She therefore intended substantially that she should reserve the power of revocation ; a power very frequently reserved in instruments of this description. In effect, the circumstances presented in this case, are precisely the same as if she intended that the power of revocation should be expressly inserted in the deed, and that by some misapprehension, neglect or casualty, it was omitted.

The complaint in the first place prays, that the instrument shall be declared " void, null and of no effect."  This I refuse to grant; but as it also prays "for such further or other relief as may be agreeable to equity and good conscience," I will allow it to be *reformed* by inserting in it the power of revocation; which will subserve every purpose she has in view, and, at the same time will abundantly protect the trustees and all other persons who have derived rights, or have become entitled to any interests under it.  The defendants are entitled to costs.  The complaint in Mr. Grafton's suit is dismissed with costs.